NOT FOR PUBLICATION                                                                                  (Doc. No. 60)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                                              :
TITLE INDUSTRY ASSURANCE          :
COMPANY, RRG                                        :
                                                              :
                    Plaintiff,                        :   Civil No. 14-4060 (RBK/JS)
                                                              :
            v.                                            :
                                                              :   **OPINION**
PARK AVENUE ABSTRACT, INC., et al.  :
                                                              :
                    Defendants.                   :
_____:

**KUGLER**, United States District Judge:

      This matter arises out of an insurance coverage dispute. Plaintiff Title Industry Assurance Company, RRG ("TIAC" or "Plaintiff") seeks declaratory judgment from the Court that the terms of the policy it issued to Defendant Park Avenue Abstract, Inc. excludes Park Avenue Abstract and other named Defendants Richard Roney ("Roney") and Donald Luciano ("Luciano") from coverage in certain actions against them. Plaintiff now moves for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2).[1] For the reasons discussed herein, Plaintiff's motion is **GRANTED.**

    **I.**     **BACKGROUND AND PROCEDURAL HISTORY**

      TIAC issued an Abstracters, Title Insurance Agents and Escrow Agents Professional Liability Insurance Policy (the "Policy") to Park Avenue Abstract for the May 9, 2012 to May 9,

---

[1] Plaintiff originally filed this motion in the alternative to its Motion to Enforce the Settlement Agreement. (See Doc. No. 60.) Plaintiff thereafter withdrew its Motion to Enforce the Settlement Agreement, (Doc. No. 62), but the instant motion remained pending before the Court, (Doc. No. 63.)

1

2013 policy period.  (See Ex. F to Am. Compl.)  Roney and Luciano were employees of Park Avenue Abstract and are Insureds along with it under the Policy.  (Am. Compl. ¶¶ 8-9 and Ex. F.)  Park Avenue Abstract, Roney and Luciano were named as defendants in multiple lawsuits filed in the Camden County Superior Court (the "Underlying Litigation") arising from their allegedly fraudulent activities.  (Am. Compl. ¶ 30.)  These lawsuits were filed by Defendants Customers Bank, (Ex. A to Am. Compl.), Stonegate Mortgage Corporation, (Ex. B. to Am. Compl.), Commonwealth Land Title Insurance Company, (Ex. C. to Am. Compl.), and Charles Wright, et al.,[2] (Ex. D. to Am. Compl.)  Additionally, NYCB Mortgage Company ("NYCBM") asserted a claim against Park Avenue Abstract during the relevant policy period.  (Ex. E to Am. Compl.)  TIAC initiated the current action seeking a judicial declaration that the Policy does not provide the Insureds with coverage for the Underlying Litigation or NYCBM's claim.  (Am. Compl. ¶ 2.)  Plaintiff now seeks an order of voluntary dismissal, without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2).  Plaintiff's motion is unopposed.[3]

## II.     DISCUSSION

Fed. R. Civ. P. 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Whether a Rule 41(a)(2) dismissal should be granted is thus within the sound discretion of the court.  Quality Improvement Consultants, Inc. v. Williams, 129 Fed. App'x 719, 722 (3d Cir. 2005) (citing Ferguson v. Eakle, 492 F.2d 26, 28 (3d Cir. 1974)).  "Generally, a motion for dismissal should not be denied absent substantial prejudice to the defendant."  Sporn v. Ocean

---

[2] The Wright litigation includes as plaintiffs the following parties: Charles Wright, Olivia Cleaver, James Cole, Jillian Rose Cole, Joanne Henle, Frederick Graziani, Luigi Sellecchia, Susan Bunnell-Jackson, and Erik T. Jackson. (See Ex. D. to Am. Compl.)

[3] Defendant Customers Bank filed an opposition to Plaintiff's Motion to Enforce the Settlement Agreement, but the opposition did not address Plaintiff's alternative Motion to Dismiss. (Doc. No. 61.) See supra, note 1.

Colony Condo. Ass'n, 173 F. Supp. 2d 244, 255 (D.N.J. 2001) (internal quotation marks omitted).  Courts in this district have considered a variety of factors when ruling on a motion to voluntarily dismiss under Rule 41, including, "(1) the expense of a second litigation; (2) the effort and expense incurred by defendant in preparing for trial in the current case; (3) the extent to which the case is progressing; and (4) plaintiff's diligence in bringing the motion to dismiss." Assadourian v. Harb, No. 06–896, 2009 WL 2424704, at *2 (D.N.J. Aug. 6, 2009) (citing Sporn, 173 F. Supp. 2d at 255).  Additionally, Rule 41 motions "should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit."  In re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 863 (3d Cir. 1990); see also Environ Prods., Inc. v. Total Containment, Inc., No. 94-7118, 1995 WL 459003, at *5 (E.D. Pa. July 31, 1995) ("Plain legal prejudice simply does not result … when plaintiff may gain some tactical advantage by a voluntary dismissal.") (citing In Re Paoli R.R. Yard PCB Litig., 916 F.2d at 863).

The Court finds dismissal appropriate in this case.  First and foremost, Plaintiff represents to the Court that it will provide Park Avenue Abstract, Roney and Luciano with defenses in the Underlying Litigation and the NYCBM claim, rendering the declaration sought in the lawsuit moot.  (Pl.'s Br. 12.)

The relative infancy of the case also weighs heavily in favor of dismissal.  This case has not progressed past the pleading stage.  Since Plaintiff filed its Amended Complaint on July 10, 2014, only Defendants Luciano, Susan Bunnell-Jackson, Erik T. Jackson, Olivia Cleaver, James Cole, Jillian Rose Cole, Frederick Graziani, Joanne Henle, Luigi Sellecchia, and Charles Wright have answered.  (Doc. Nos. 33, 47.)  Defendants Commonwealth Land Title Insurance Company and Fidelity National Title Insurance Company filed a motion to dismiss, (Doc. No. 39), which was stayed before any opposition was filed, (Doc. No. 46.)  All other pleadings in this case were

stayed pending further order of the Court on October 24, 2014.  (Doc. No. 52.)  Thereafter, two settlement conferences were held on November 21, 2014 and February 20, 2015, followed by a status conference on March 23, 2015.  Plaintiffs then filed this motion.  (Doc. No. 60.)  That is the extent of it.  With most of the parties' energies thus far directed to their settlement discussions, it can hardly be said that the cost of a second litigation would be duplicative or excessive.  Furthermore, in the absence of any indication otherwise, the Court can only conclude that Defendants have not made significant efforts or incurred significant expenses in preparing for trial.  Moreover, Plaintiff was diligent in bringing this motion in the midst of engaging in settlement discussions, apparently due to information just learned during those negotiations.  (Pl.'s Br. 12.)  The Court thus finds that all factors weigh in favor of granting Plaintiff's motion.

### III.     CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss this action pursuant to Fed. R. Civ. P. 41(a)(2) is **GRANTED**.  An appropriate Order shall issue.


Dated: 5/6/2015                                                               s/ Robert B. Kugler
                                                                                    ROBERT B. KUGLER
                                                                                    United States District Judge